UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | |
| Javier Rueda, Jr., | ) | Case No. 07-02178 |
| | ) | |
| | ) | |
| Debtor. | ) | Honorable Bruce W. Black |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE THAT on **Friday, February 21, 2014 at 9:15 a.m.**, I shall appear before the Honorable Bruce W. Black, Bankruptcy Judge in Joliet City Hall, 150 West Jefferson Street, 2nd Floor, Joliet, Illinois, or before any other Bankruptcy Judge who may be sitting in his place and shall present the **MOTION OF THE UNITED STATES TRUSTEE TO REOPEN CASE AND AUTHORIZE THE U.S. TRUSTEE TO APPOINT A TRUSTEE,** a copy of which is attached hereto and is herewith served upon you.

 /s/ *Denise A. DeLaurent*
Denise A. DeLaurent, Attorney
OFFICE OF THE U.S. TRUSTEE
219 South Dearborn Street, Room 873
Chicago, Illinois  60604
(312) 886-3326

**CERTIFICATE OF SERVICE**

I, Denise DeLaurent, an attorney, state that pursuant to Local Rule 9013-1(D) the above **NOTICE OF MOTION** and the appended **MOTION OF THE UNITED STATES TRUSTEE TO REOPEN CASE AND AUTHORIZE THE U.S. TRUSTEE TO APPOINT A TRUSTEE** were filed on February 11, 2014, and served on all persons identified as Registrants on the service list below through the Court's Electronic Notice for Registrants and, as to all other parties on the service list below, I caused a copy to be sent First Class Mail, as indicated, before 5:00 p.m. on February 11, 2014.

 /s/ Denise DeLaurent

1

# SERVICE LIST

**Registrants Served Through the Court's Electronic Notice for Registrants**

- David P Lloyd        courtdocs@davidlloydlaw.com
- Patrick A Meszaros   patrickmeszaros@yahoo.com
- Jose G Moreno        nd-one@il.cslegal.com
- Gerald Mylander      mcguckin_m@lisle13.com
- Thomas B Sullivan    tsullivan@wfactorlaw.com, IL19@ecfcbis.com

**Parties Served via First Class Mail**
Javier Rueda, Jr.
7003 Sahara Drive
Plainfield, IL 60586

Roundup Funding LLC
MS 550
PO Box 91121
Seattle, WA 98111-9221

Dana L. Kurtz
Kurtz Law Offices, Ltd.
32 Blaine
Hinsdale, IL 60521

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | |
| Javier Rueda, Jr., | ) | Case No. 07-02178 |
| | ) | |
| | ) | |
| Debtor. | ) | Honorable Bruce W. Black |

**MOTION OF THE UNITED STATES TRUSTEE TO REOPEN CASE AND
AUTHORIZE THE U.S. TRUSTEE TO APPOINT A TRUSTEE**

NOW COMES PATRICK S. LAYNG, the United States Trustee for the Northern District of Illinois (the "U.S. Trustee"), by his Attorney, Denise DeLaurent, and asks this Court to enter an order reopening this case and authorizing the U.S. Trustee to appoint a Chapter 7 Trustee to represent the estate. In support of the request, the United States Trustee states the following:

1. This is a core proceeding under Title 28, Section 157(b)(2)(A) of the United States Code which this Court may hear and determine pursuant to IOP 15(A) and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. The Debtor initiated this case by filing a voluntary case under Chapter 13 on February 8, 2007. On December 18, 2007 the Debtor converted his Chapter 13 to a case under Chapter 7 of the Bankruptcy Code. On or around the same date, the U.S. Trustee appointed Thomas B. Sullivan as the Chapter 7 Trustee in the Debtor's case. ("the Chapter 7 Trustee").

3. The Chapter 7 Trustee conducted a 341 meeting on January 31, 2008 and thereafter filed a report of no distribution on February 5, 2008.

4. The Debtor received his discharge and the Clerk of the Court closed the Debtor's case on March 17, 2008. At that time, the Chapter 7 Trustee was discharged.

5. On November 18, 2008 the Debtor filed a case in the United States District Court for the Northern District of Illinois, Case No. 08 CV 6621, along with the other plaintiffs entitled Burruss et. al. v. Cook County Sheriff's Office, et. al. based on a civil rights employer discrimination cause of action. (the "Debtor's Lawsuit"). A copy of Debtor's Lawsuit is attached hereto as Exhibit A.

6. The Debtor's Lawsuit was not listed in the schedules and statement of financial affairs filed by the Debtor in the bankruptcy. The schedules and statement of financial affairs are attached hereto as Exhibit B. In addition, the Debtor was questioned about any potential lawsuits at the 341 meeting by the Chapter 7 Trustee and the Debtor testified under oath that he had no potential lawsuits or causes of action.

7. On February 28, 2013 the Debtor's substitute counsel, David P. Lloyd, ("Debtor's Counsel") filed a Motion to Reopen the Debtor's Chapter 7 case to amend the original schedules of the Debtor to list the Debtor's Lawsuit on Schedule B. A copy of the Debtor's Motion to Reopen is attached hereto as Exhibit C.

8. In the Debtor's Motion to Reopen the Debtor took the position that the majority of any recovery from the Debtor's Lawsuit was either not property of the estate because it would represent post-petition earnings or the recovery would be exempt as wages under Illinois law.

9. The Debtor submitted an order to the Court that provided as follows:

**IT IS HEREBY ORDERED this case be reopened as a Chapter 7 case. Upon filing of the amended schedule the case shall be reclosed.**

A copy of the Court's Order dated March 8, 2013 is attached as Exhibit D.

10. The Debtor filed amended Schedules B and C on March 12, 2013 and the case was closed on March 15, 2013. A copy of the Debtor's amended schedules is attached as Exhibit

4

E.  The case was reopened only for purposes of filing the amendments and no trustee was appointed.

11. The Amended Schedules filed by the Debtor reflect the following amendments to Schedules B and C:

Schedule B – 21 – Civil Rights Lawsuit

Schedule C – Exemptions – Other Contingent and Unliquidated Claims of Every Nature – Civil Rights Lawsuit – 735 ILCS 5/12-803 – "Unknown".

12. The Debtor failed to serve a notice of the amendments on the Chapter 7 Trustee and all other creditors as required under Rule 1009(a) of the Bankruptcy Rules and under Local Rule 1009-1.

13. In addition, the Debtor's Order Reopening failed to include any provision for the United States Trustee to appoint a trustee to investigate the Debtor's Lawsuit.

14. Section 350 of the Bankruptcy Code provides as follows:

   a)  After an estate is fully administered and the court has discharged the trustee, the court shall close the case.
   b)  A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

Bankruptcy Rule 5010 implements Section 350(b) of the Code. The rule makes it clear that, on reopening, a trustee is not required to be appointed. Bankruptcy Rule 5010 states as follows:

> A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code. In a chapter 7, 12, or 13 case a trustee shall not be appointed by the United States trustee unless the court determines that a trustee is necessary to protect the interests of creditors and the debtor or to insure efficient administration of the case.

15. The discharged Chapter 7 Trustee has now been contacted by the Cook County State's Attorneys, informing him and the U.S. Trustee that there is a substantial recovery under

the Debtor's Lawsuit for the Debtor.  A verdict in the amount of approximately $75,000 was entered by the District Court for compensatory damages regarding reputation, pain and suffering. On information and belief, the judgment did not include any compensation for lost wages or overtime.

16. Under the judgment and recovery, the Debtor's Lawsuit raises questions whether the cause of action and proceeds thereof constitute property of the estate under Section 541(a) of the Bankruptcy Code.  Further, it appears that the proceeds may constitute assets of the estate which are not wages or back wages as previously represented by the Debtor.

17. In the instant case, the Debtor's Lawsuit was not formally scheduled prior to the closing of the case and discharge of the Chapter 7 Trustee and therefore the Debtor's Lawsuit was not abandoned by the Chapter 7 Trustee at the closing of the case.

18. In addition, since the reopening of the case pursuant to this Court's Order of March 8, 2013 only reopened the case for administrative purposes and no trustee was appointed, the Debtor's Lawsuit is still property of the estate.

19. Based on the above facts, the Court may reopen the case pursuant to Section 350 and provide that the U.S. Trustee appoint a chapter 7 Trustee, since the appointment of a trustee is now necessary to protect the interests of creditors.

WHEREFORE, the U.S. Trustee requests that this Court enter an order Alter or Amend this Court's Order Dated March 8, 2013 Reopening Case or in the alternative to enter an order

reopening this case and authorizing the U.S. Trustee to appoint a Chapter 7 Trustee to represent the estate, and, for such other relief as this Court deems just.

        RESPECTFULLY SUBMITTED:
        PATRICK S. LAYNG
        UNITED STATES TRUSTEE

Dated: February 11, 2014        By: /s/ Denise DeLaurent
        Denise DeLaurent, Attorney
        OFFICE OF THE U.S. TRUSTEE
        219 South Dearborn Street, Room 873
        Chicago, Illinois 60604
        312-886-3326