## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **Javier Rueda, Jr.** | Bankruptcy No. 07-02178 |
| Debtor | Honorable Bruce W. Black |

## NOTICE OF APPLICATION

**Please take notice** that on **Friday, April 10, 2015, at 9:00 a.m.** or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable Bruce W. Black, United States Bankruptcy Judge for the Northern District of Illinois, on the 2nd Floor of the Joliet City Hall Building at 150 West Jefferson Street in Joliet, Illinois, and then and there shall present the attached **First and Final Fee Application of FactorLaw as Counsel to the Trustee** a copy of which is attached hereto and herewith served upon you.

Dated: March 11, 2015

**Thomas B. Sullivan**, not individually but solely as the chapter 7 trustee of the bankruptcy estate of Javier Rueda, Jr.

By: */s/ Ariane Holtschlag*
One of his attorneys

William J. Factor (6205675)
Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:     (847) 239-7248
Fax:     (847) 574-8233
Email:  wfactor@wfactorlaw.com
       aholtschlag@wfactorlaw.com

## CERTIFICATE OF SERVICE

I, Ariane Holtschlag, an attorney, hereby certify that on March 11, 2015, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Application* and the accompanying *First and Final Fee Application of FactorLaw as Counsel to the Trustee* be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the Service List below and by US Mail on all persons identified on the attached service list.

*/s/ Ariane Holtschlag*

**Registrants**
(Service via ECF)

- **Denise A Delaurent**    USTPRegion11.es.ecf@usdoj.gov, Denise.DeLaurent@usdoj.gov;maria.r.kaplan@usdoj.gov
- **Ariane Holtschlag**    aholtschlag@wfactorlaw.com, gsullivan@wfactorlaw.com;gsullivan@ecf.inforuptcy.com;nbouchard@wfactorlaw.com
- **Patrick S Layng**    USTPRegion11.ES.ECF@usdoj.gov
- **David P Lloyd**    courtdocs@davidlloydlaw.com
- **Patrick A Meszaros**    patrickmeszaros@yahoo.com
- **Jose G Moreno**    nd-one@il.cslegal.com
- **Gerald Mylander**    mcguckin_m@lisle13.com
- **Thomas B Sullivan**    tsullivan@wfactorlaw.com, IL19@ecfcbis.com;gsullivan@ecf.inforuptcy.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Javier Rueda, Jr.** | Bankruptcy No. 07-02178 |
| Debtor | Honorable Bruce W. Black |

**FACTORLAW'S FIRST AND FINAL FEE**
**APPLICATION AS COUNSEL TO THE TRUSTEE**

The Law Office of William J. Factor, Ltd. and William J. Factor (collectively the "*FactorLaw" or the Firm*"), as counsel to Thomas B. Sullivan, not individually, but solely as the chapter 7 trustee (the "*Trustee*") of the bankruptcy estate (the "*Estate*") of Javier Rueda, Jr. (the "*Debtor*"), submits its First and Final Application for Compensation and Reimbursement of Expenses (the "*Application*") for legal services performed during the period of March 4, 2014, through March 11, 2015 (the "*Application Period*"). In support of this Application, the Firm respectfully represents as follows:

**INTRODUCTION**

1.    By this Application, the Firm respectfully seeks an order of this Court allowing and awarding the Firm final compensation in the amount of $26,321.15, for professional services rendered on behalf of the Trustee during the Application Period. The Firm makes this Application pursuant to (a) 11 U.S.C. §§ 105(a) and 330, (b) Rule 2016 of the Federal Rules of Bankruptcy Procedure, (c) applicable provisions of the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted by the Office of the United States Trustee, (d) Rule 5082-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Illinois, and (e) other applicable case law, as further discussed herein.

## JURISDICTION

2.     This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

3.     Venue of the above-captioned case (the "*Case*") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.     This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A).

## BACKGROUND

### I.    Case Background.

5.     On February 8, 2007, (the "*Petition Date*") the Debtor filed a voluntary petition for relief under chapter 13 of title 11, United States Code, 11 U.S.C. §§ 101, ff. (the "*Bankruptcy Code*"), thereby initiating the Case. See Dkt. No. 1.

6.     On December 18, 2007 (the "*Conversion Date*") the Debtor voluntarily converted the Case to a proceeding under chapter 7 of the Bankruptcy Code. *See* Dkt. No. 31.

7.     Subsequent to the Conversion Date, the Trustee was appointed and on January 31, 2008, the Trustee conducted a meeting of creditors pursuant to section 341 of the Bankruptcy Code.

8.     Neither the Debtor's schedules nor the Debtor's testimony at the meeting of creditors revealed any interest in a cause of action against Cook County.

9.     There appearing to be no-assets, the Trustee filed his "no-asset" report on February 5, 2008. *See* Dkt. No. 44.

10.    On March 14, 2008, the Debtor's discharge was entered and on March 17, 2008, the Trustee was discharged from his duties and the Case closed.

11.   On November 18, 2008, the Debtor and his colleagues filed a complaint against the Cook County Sheriff's Office, Thomas Dart, Scott Kurtovich, Dennis Andrews, Michael Holmes and Cook County in the United States District Court for the Northern District of Illinois, thereby commencing case no. 08 CV 6621 (the "*Civil Rights Lawsuit*").

12.   The genesis of the Civil Rights Lawsuit was the allegation that on and around November 2006, the Debtor and several of his colleagues at the Cook County Sheriff's Department experienced discrimination by their employer due to their political affiliations, which culminated in the disbandment of their elite unit within the Department. This conduct gave rise to a cause of action against the Cook County Sheriff's Office, and others, for violations of the Debtor's First Amendment right of free political association under 42 U.S.C. § 1983 (the "*Claim*").

13.   In the Civil Rights Lawsuit the jury entered a $75,000 verdict on September 4, 2012, in favor of the Debtor and others, as compensatory damages for loss of reputation as well as pain and suffering (the "*Verdict*").

14.   To avoid a judicial estoppel argument that would have denied the Debtor all recovery on the Verdict, on February 28, 2013, the Debtor filed a motion to reopen the Case in order to file an amended schedule B and C (the "*Motion to Reopen*"). See Dkt. No. 54.

15.   All indicia suggest the Debtor carefully crafted the Motion to Reopen and the subsequent amendments to maximize the possibility that the issue would "fly under the radar" so the Trustee would not learn of the Verdict and would not administer the proceeds for the benefit of the Debtor's creditors.

16.   For example, the draft order the Debtor submitted with his motion did not provide for reappointment of the Trustee, but instead directed that the Case be immediately re-closed upon the filing of the amended schedules B and C.

17.   Additionally, the Debtor limited the notice of the motion by serving it only on the discharged Trustee and the United States Trustee.

18.   Similarly, on April 12, 2013, the Debtor filed his Amended Schedule B disclosing a "Civil Rights Lawsuit" with an "unknown" value, and his Amended Schedule C claiming the "Civil Rights Lawsuit" exempt under 735 ILCS 5/12-803 (regarding wage garnishments) in an "unknown" amount (collectively, the "*Amendments*").

19.   Although the Debtor plainly knew the amount of the Verdict at the time he filed amended Schedule B and C, the amended Schedule B merely noted that there was a "Civil Rights Lawsuit" with an "unknown" value, and the amended Schedule C claimed the Civil Rights Lawsuit as exempt to an "unknown" amount under 735 ILCS 5/12-803 (regarding wage garnishments).

20.   On February 11, 2014, the United States Trustee filed its own motion to reopen this Case, *see* Dkt. No. 59, which was granted by this Court on February 21, 2014, *see* Dkt. No. 60, and the Trustee was reappointed on February 24, 2014, *see* Dkt. No. 61.

21.   As a result of FactorLaw's efforts, the Estate recovered $78,963.45 on account of the Civil Rights Lawsuit. FactorLaw was able to defeat the Debtor's attempt to bar the Trustee from recovering the proceeds of the Civil Rights Lawsuit entirely as well as multiple attempts to exempt the vast majority of the proceeds under a variety of unusual legal theories.

22.   As noted above, the Debtor initially moved to open the Case to disclose the Verdict by vaguely representing in the Motion to Reopen that "the Debtor now believes that some financial recovery is possible." At the time he made that statement, the Debtor knew of the $75,000 Verdict.

23.   Furthermore, rather than disclosing the Verdict represented compensatory damages for loss of reputation as well as emotional pain and suffering, the Debtor's Motion to Reopen falsely represented "the majority

of any recovery was not property of the estate, because it would represent post-petition earnings, or exempt as wages."

24.    Notwithstanding the Debtor's efforts to keep the Verdict "under the radar" so the proceeds would not be administered for the benefit of the bankruptcy estate, the Trustee was reappointed on February 24, 2014, and shortly thereafter with the assistance of FactorLaw objected to the Debtor's amended claim of exemption under the Illinois Wage Garnishment statute on March 10, 2014. As a result of that objection, the Court set a briefing schedule on the Debtor's exemption.

25.    In the midst of the briefing schedule, without the review or consent by the Trustee and without permission of this Court, the Debtor entered into a settlement agreement that purported to be a final resolution of the Claim against the Defendants.

26.    On the eve of a ruling on the Debtor's claim of exemption under the Illinois Wage Garnishment statue, the Debtor filed an emergency motion, again with notice only given to the Trustee, seeking leave to again amend his alleged exemption, this time mischaracterizing the Claim as one for personal injury pursuant to 735 ILCS 5/12-1001(h)(4).

27.    In response to the Debtor's belated change in "exemption strategy," a new round of briefing was required to address the Debtor's contention that the subject funds represented a personal injury recovery.

28.    Eventually, the Court entered an order on September 2014, denying the Debtor's claim of exemptions with respect to the Civil Rights Lawsuit.

29.    On November 24, 2014, after repeated demands by FactorLaw, Debtor's counsel turned over to the Trustee the proceeds of the Debtor's unauthorized settlement of the Claim in the amount of $78,963.45.

## II.   Fee Application.

30.   On March 14, 2014, the Court entered an order authorizing the Trustee to retain FactorLaw to represent the Trustee, effective as of March 4, 2014, as follows:

> The Trustee is authorized to employ and retain
> William J. Factor and The Law Office of William
> J. Factor, Ltd. (collectively "FactorLaw"),
> pursuant to 11 U.S.C. § 327(a), effective as of
> March 4, 2014, as  general counsel to the Trustee
> on an hourly basis for all matter that are not
> Contested Matters (as defined in the
> Application);
>
> The Trustee is further authorized to employ and
> retain FactorLaw on a 1/3 contingency fee basis
> to pursue all Contested Matters as defined in the
> Application.

*See* Dkt. No. 70.

31.   "Contested Matters" are those related to the recovery "for the Estate [of] the proceeds of the Civil Rights Lawsuit and object[ing] to the Debtor's claim of exemption therein (the "*Contested Matters*")." *See* Dkt. No. 62.

32.   No previous fee applications have been submitted by the FactorLaw and FactorLaw has not received any funds prior to this fee application to compensate it for its services to the Estate. This is thus FactorLaw's first and final fee application.

33.   **Exhibit 1** apprises the Court of the time detail for the work rendered by the Firm. As noted on **Exhibit 1**, FactorLaw has incurred total fees of $13,905.00.

34.   Independent of the time expended, FactorLaw seeks allowance of total fees equal to $26,321.15, which is one-third of the gross recovery from the Contested Matter. Notably, FactorLaw is willing to waive any additional entitlement to fees incurred for services unrelated to the Contested Matter.

## DISCUSSION

35.   The Engagement Letter between the Firm and the Trustee
expressly provides that the Firm is entitled to one-third of any recovery
from the Contested Matter, in addition to the fees and expenses incurred on
other matters not part of the Contested Matter.

36.   The terms of the engagement, including the one-third
contingency fee, were approved by the Court pursuant to, among other
things, Section 328(a) of the Bankruptcy Code, which expressly provides
that:

> The trustee, or a committee appointed under
> section 1102 of this title [11 USCS § 1102], with
> the court's approval, may employ or authorize the
> employment of a professional person under
> section 327 or 1103 of this title [11 USCS § 327 or
> 1103], as the case may be, on any reasonable
> terms and conditions of employment, including
> on a retainer, on an hourly basis, on a fixed or
> percentage fee basis, or on a contingent fee basis.
>
> Notwithstanding such terms and conditions, the
> court may allow compensation different from the
> compensation provided under such terms and
> conditions after the conclusion of such
> employment, if such terms and conditions prove
> to have been improvident in light of
> developments not capable of being anticipated at
> the time of the fixing of such terms and
> conditions.

11 U.S.C. § 328.

37.   Section 328 was enacted precisely for situations like the present;
where the lodestar amount is less than the amount owed pursuant to a
contingency fee arrangement. In *In re Merry-Go-Round Enters.*, 244 B.R.
327, 330 (Bankr. D. Md. 2000), a law firm represented the Chapter 7
trustee as special counsel and when the lawsuit settled requested approval
of a $ 71,200,000 contingent fee, representing its 40% contingent fee
agreement with the trustee. The debtors' largest unsecured creditor

objected, contending that an affirmative post-recovery reasonableness lodestar analysis under 11 U.S.C.S. § 330(a) was required. The bankruptcy court disagreed, and awarded the full $71,200,000, holding that a de novo reasonable fee determination and lodestar analysis of what fee should be awarded the applicant was neither required nor appropriate in light of Section 328.

## NOTICE AND NO PRIOR REQUEST

38.   Twenty-one days' notice of this motion has been given to: (i) the Office of the United States Trustee; (ii) the Debtor; (iii) the Debtor's counsel; (iv) the Debtor's creditors; and (v) any person that has requested notice in the case or that receives notices through the ECF System with respect to the Case.

39.   No prior request for the relief requested by this Application has been made to this Court or to any other court.

## CONCLUSION

**WHEREFORE**, the Firm respectfully requests that the Court enter an Order (a) allowing and awarding the Firm fees in the amount of $26,321.15; (b) authorizing the Trustee to pay the Allowed Fees immediately; and (c) granting such other and further relief as this Court deems just and appropriate.

Dated: March 11, 2015

**Thomas B. Sullivan**, not individually but solely as the chapter 7 trustee of the bankruptcy estate of Javier Rueda, Jr.

By: */s/ Ariane Holtschlag*
One of his attorneys

William J. Factor (6205675)
Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602

Tel:    (847) 239-7248
Fax:    (847) 574-8233
Email:  wfactor@wfactorlaw.com
        aholtschlag@wfactorlaw.com